REISSUED FOR PUBLICATION
May 15 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-1373V
Filed: April 16, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| EMILY CONGER, | * |
| Petitioner, | * |
| v. | *   Interim attorneys' fees and costs |
| | *   decision; reasonable attorneys' fees |
| SECRETARY OF HEALTH | *   and costs |
| AND HUMAN SERVICES, | * |
| Respondent. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Gil L. Daley, II</u>, Fort Worth, TX, for petitioner.
<u>Lisa A. Watts</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 28, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that influenza ("flu") vaccine administered on October 1, 2014 caused her Guillain-Barré syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP").  Pet. at ¶ 2.

On April 9, 2018, petitioner filed a motion for interim attorneys' fees and costs. Petitioner requests $21,612.50 in interim attorneys' fees and $3,156.02 in interim attorneys' costs, for a total request of $24,768.52.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On April 16, 2018, respondent filed a response to petitioner's motion explaining he defers to the undersigned to decide whether petitioner has met the legal standard for an interim fees and costs award.  Resp. at 2.  Should the undersigned find an award of interim attorneys' fees and costs is appropriate, respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award."  Id. at 3.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).  The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in Avera v. Secretary of Health and Human Services, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that an award of interim attorneys' fees and costs is appropriate at this juncture in the case.  Therefore, the undersigned **GRANTS** petitioner's motion for interim attorneys' fees and costs.

Accordingly, the court awards **$24,768.52**, representing interim attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Law Office of Gil L. Daley, II, P.C. in the amount of **$24,768.52**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: April 16, 2018　　　　　　　　　　　　　　　　　　　/s/ Laura D. Millman
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Laura D. Millman
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.